UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| JAMES MARVIN COX, III, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV407-143 |
| | ) | [CR405-009] |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

James Marvin Cox has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.) The government has responded in opposition to the motion. (Doc. 3.) Because both parties have inadequately addressed movant's third ground for relief, the parties are **ORDERED** to submit briefs on the issue.

Movant bases his claim for relief on three grounds. In his third ground, he challenges the application of a four-level sentence enhancement for possession of a firearm in connection with

another felony offense (his possession of marijuana with intent to distribute). (Doc. 1 at 15-23.) He argues that a clarifying amendment enacted and published subsequent to his direct appeal requires the Court to reconsider his sentence. (Id.) In particular, he claims that the sentencing court interpreted the phrase "in connection with" too broadly so that it embraced his situation, where the firearm was allegedly hidden in the attic at all times he possessed it. At the time of movant's sentencing (August 22, 2005), this broad interpretation was well-established in the Eleventh Circuit but was in conflict with the narrower interpretation applied by many other circuits, which required "more than mere use or possession," and required that the firearm "serve[] a purpose related to the crime;" those circuits, unlike the Eleventh Circuit, refused to find coincidental possession of a firearm during the commission of a crime to be sufficient. United States v. Young, 115 F.3d 834, 838 (11th Cir. 1997). Movant appealed his conviction and sentence (in particular, the application of the enhancement), but both were affirmed on July 7, 2006. (Gov't's Ex. C.)

On November 1, 2006, however, the Sentencing Commission adopted a clarifying amendment to the sentencing enhancement at issue, which stated that the enhancement was to apply if the firearm "facilitated, or had the potential of facilitating, another felony offense or another offense." See Supplement to Appendix C—Amendments to the Guidelines Manual 170 (November 1, 2006), available at http://www.ussc.gov/2006guid/APPC2006.pdf. Movant argues that he is entitled to relief because the Court of Appeals and the sentencing court applied an interpretation of the enhancement that has since been explicitly rejected by the guidelines commentary.

In the Eleventh Circuit, a movant may use a § 2255 motion to seek a modification of his sentence following a post-sentencing clarifying amendment to the guidelines; however, as the misapplication of a sentencing guideline is a "nonconstitutional claim," the movant must first show that a miscarriage of justice would result if his sentence were not re-assessed in light of the amendment. Burke v. United States, 152 F.3d 1329, 1331-32 (11th Cir. 1998). In its brief, however, the government does not address

this inquiry, but rather urges the Court to find that the claim is procedurally defaulted and thus that movant is precluded from presenting it altogether. (Doc. 3 at 6.) The government is mistaken. Movant is not seeking to "recharacterize and relitigate" the claim he made on direct appeal (that the sentencing court's interpretation was too narrow and it should have applied the broader view). "Although [movant's] argument in the present case concerns the same sentence adjustment, the argument presented [in the § 2255 petition] is different than [what he] presented on direct appeal" because the clarifying amendment he seeks to have recognized and applied here was enacted *after* his direct appeal. United States v. Garcia, No. 94-30734, 68 F.3d 466, at *2 (5th Cir. 1995). Although normally a habeas movant's request for a court to reexamine the application of a sentencing enhancement will not be considered, because the amendment that movant cites was enacted after his appeal was decided he can raise the issue in his § 2255 motion. Id.

Although his claim is not procedurally barred, movant still must, however, show that a miscarriage of justice will occur if the

court does not reconsider the application of the enhancement in light of the amendment. Burke, 152 F.3d at 1331. In its answer, the government requested leave to file a supplemental response addressing the merits of this claim in the event the Court found that it was not procedurally barred. (Doc. 3 at 6 n.3.) Moreover, movant dedicates much of his brief to arguing why the amended enhancement would no longer apply to him. (Doc. 1 at 18-23.) He makes a one-sentence conclusory assertion that "[f]ailure to correct the erroneous application of this firearm enhancement would constitute a miscarriage of justice." (Id. at 23.) Since the government has not addressed the merits of the third ground at all, and since neither party has adequately addressed whether the miscarriage of justice standard has been met, the parties shall submit briefs on the ground within thirty (30) days of this order.

**SO ORDERED** this _12_ day of November, 2008.

/s/ G. R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5